UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-108-RJC
3:14-cv-109-RJC
(3:10-cr-51-RJC-1, 3:04-cr-281-RJC-1)

| | | |
|---|---|---|
| **MONTEZ GADDY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's two separate motions to vacate two separate convictions for being a felon in possession of a firearm based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Case No. 3:14-cv-108: Doc. No. 1; Case No. 3:14-cv-109: Doc. No. 1). The Government agrees to relief in one and moves to dismiss the other. (Case No. 3:14-cv-108: Doc. No. 5; Case No. 3:14-cv-109: Doc. No. 5). For the reasons stated below, the Court will grant the motion in Case No. 3:14-cv-109 to vacate the conviction in Case No. 3:04-cr-281 and deny the motion in Case No. 3:14-cv-108 to vacate the conviction in Case No. 3:10-cr-51.

I.  BACKGROUND

  A.  Case No. 3:04-cr-281

On October 19, 2004, Petitioner was indicted for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:04-cr-281, Doc. No. 1: Indictment). He pled guilty, (Id., Doc. No. 15: Plea Agreement; Doc. No. 16: Acceptance and Entry of Guilty Plea), and was later sentenced to thirty-seven months in prison, followed by two years of supervised

1

release. (Id., Doc. No. 24: Judgment). The Court entered Judgment on August 29, 2005, and Petitioner did not appeal. Petitioner thereafter violated the terms of his supervised release, and the Court sentenced him to six additional months in prison, followed by two years of supervised release on July 26, 2008. (Id., Doc. No. 31: Judgment on Revocation Proceedings). This sentence is now expired, but on March 12, 2014, Petitioner, through counsel, moves to vacate this conviction. (Case No. 3:14-cv-109, Doc. No. 1).

B.  Case No. 3:10-cr-51

On March 17, 2010, Petitioner was again indicted for possessing a firearm as a felon, in violation of § 922(g)(1). (Case No. 3:10-cr-51, Doc. No. 1: Indictment). Petitioner pled guilty, (Id., Doc. No. 12: Plea Agreement; Doc. No. 13: Acceptance and Entry of Guilty Plea), and was later sentenced to thirty-six months in prison, followed by three years of supervised release, (Id., Doc. No. 24: Judgment). The Court entered Judgment on January 25, 2011, and Petitioner did not appeal. After the United States Probation Office filed a petition seeking the revocation of his supervised release, (Id., Doc. No. 28), Petitioner, through counsel, moved to vacate the conviction on March 12, 2014, (Case No. 3:14-cv-108, Doc. No. 1). The Court granted the Government's motion to continue the final supervised release violation hearing pending resolution of a new criminal case.[1] (Case No. 3:10-cr-51, Doc. No. 37: Motion; Oral Order, Mar. 18, 2014).

II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

---

[1] Petitioner is awaiting sentencing on yet a third federal criminal case following his conviction for forcibly assaulting or impeding a deputy United States Marshal with a vehicle as a deadly weapon. (Case No. 3:13-cr-325: Doc. No. 1: Indictment; Doc. No. 41: Verdict).

promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

 A. Case Nos. 3:04-cr-28 and 3:14-cv-109

As noted above, the sentence for Petitioner's 2005 § 922(g)(1) conviction has expired. Thus, he is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2255. However, Petitioner seeks alternative relief, including a writ of error coram nobis, which the Government agrees entitles him to relief. (Case No. 3:14-cv-109, Doc. No. 5: Response at 4).

Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons that a North Carolina offense is punishable by more than one year in prison only if the defendant actually could have received such a sentence under the state's Structured Sentencing Act. 649 F.3d at 247. Here, when Petitioner was convicted of his first § 922(g)(1) offense, his most serious prior conviction was a Class H felony with a prior record level of I, resulting in a maximum prison sentence of eight months. N.C. GEN. STAT. § 15A-1340.17(c) and (d). Thus, he lacked a qualifying predicate after Simmons overturned cases controlling at the time of his conviction.

In order to obtain coram nobis relief, a petitioner must show: (1) a more usual remedy (such as habeas corpus) is unavailable; (2) there is a valid basis for the petitioner having not earlier attacked his conviction; (3) the consequences flowing to the petitioner from his conviction

3

are sufficiently adverse to satisfy Article III's case or controversy requirement; and (4) the error that is shown is "of the most fundamental character." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). Thus, the Fourth Circuit found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)).

The Court finds that all four elements are satisfied in the circumstances of this case. First, because Petitioner is not in custody for purposes of his 2005 conviction, relief under 28 U.S.C. § 2255 or habeas corpus is not available. Second, the Government waives any defense it might have based on timeliness. (Case No. 3:14-cv-109, Doc. No. 5: Response at 5). As to the third and fourth factors, the Fourth Circuit has found that Simmons announced a retroactive substantive rule that narrows the class of offenders and conduct that violates § 922(g)(1). United States v. Miller, 735 F.3d 141, 147 (4th Cir. 2013). Additionally, at Petitioner's upcoming sentencing, the 2005 conviction would affect his criminal history category under the sentencing guidelines. (Case No. 3:13-cr-325, Doc. No. 49: Presentence Report at ¶48). Accordingly, Petitioner satisfies the requirements for relief under a writ of error coram nobis, and the Court will grant Petitioner's motion in Case No. 3:14-cv-109 to vacate as to his 2005 § 922(g)(1) conviction in Case No. 3:04-cr-28.

    B.    Case Nos. 3:10-cr-51 and 3:14-cv-108

        1.    28 U.S.C. § 2255

Petitioner's motion to vacate his 2011 § 922(g)(1) conviction stands on different footing. He remains on supervised release, so his claim must be considered under 28 U.S.C. § 2255.

United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion," citing Maleng v. Cook, 490 U.S. 488, 491 (1989)).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As detailed above, Petitioner's 2011 Judgment became final on or about February 8, 2011, after his time to file a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A); and Clay v. United States, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). The en banc Simmons decision was announced on August 17, 2011, within the limitations period; thus, Petitioner is without excuse for failing to file the instant motion until March 12, 2014.[2] The Government asserts a statute of limitations defense on this untimely claim

---

[2]  There is no right to counsel in § 2255 cases, Crowe v. United States, 175 F.2d 799 (4th Cir.

and there is no basis for equitable tolling. Even if the claim were not time-barred, Petitioner would not be entitled to relief because the 2005 § 922(g)(1) conviction served as a valid predicate for the 2011 § 922(g)(1) even though it rested on a state predicate subsequently invalidated by Simmons. United States v. Neal, 458 F. App'x 246, 248 (4th Cir. 2011) (citing United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998), for holding that "any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect when the defendant possessed the firearm." Therefore, Petitioner is not entitled to relief on his 2011 § 922(g)(1) conviction.

    C.      Alternative Claims for Relief

          a)       28 U.S.C. § 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction. Petitioner has presented his claim in his § 2255 motion and is not entitled to relief. However, that does not render his § 2255 proceeding "ineffective" such that he may now pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)). Therefore, Petitioner is not entitled to relief under § 2241 because he had the opportunity to test the legality of his sentence under § 2255.

---

1949); therefore, Petitioner's argument that he could not file his motion before counsel recognized his claim for relief in December 2013, (Doc. No. 1: Motion at 8), is unavailing.

b) Writ of Error Coram Nobis

As detailed above, Petitioner remains in custody on the 2011 § 922(g)(1) conviction and § 2255 was available to test the validity of the conviction. Therefore, he is not entitled to relief under a writ of error coram nobis, which only applies when the usual method is unavailable. Akinsade, 686 F.3d 248, 252.

c) Audita Querela

Finally, "[a] writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Petitioner was able to challenge his sentence through a § 2255 motion; thus, the application for this petition will be denied.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Alternative Petition for Relief under a Writ of Coram Nobis in Case No. 3:14-cv-109, (Doc. No. 1), is **GRANTED**, and Petitioner's conviction dated August 29, 2005, (Case No. 3:04-cr-281, Doc. No. 24), is hereby **VACATED**;

2. Respondent's Motion to Dismiss in Case No. 3:14-cv-108, (Doc. No. 5), is **GRANTED**; and

4. Petitioner's Motion to Vacate under § 2255 and for alternative relief in Case No. 3:14-cv-108, (Doc. No. 1), is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 20, 2015

Robert J. Conrad, Jr.
United States District Judge